UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-5478 PA (PVCx) | Date | February 12, 2024 |
|---|---|---|---|
| Title | BigBattery, Inc. v. Icon EV LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - ORDER TO SHOW CAUSE

On November 16, 2023, the Court reviewed the First Amended Complaint ("FAC") and found that it failed to adequately allege the citizenship the Defendant Icon EV LLC ("Defendant"). (Docket No. 20.) The Court therefore dismissed the FAC and granted Plaintiff leave to amend for a final attempt to establish federal subject matter jurisdiction. (Id. at 2.) On November 27, 2023, Plaintiff filed a Second Amended Complaint ("SAC"). (Docket No. 24.) However, the SAC again failed to correctly allege the citizenship of Defendant because it relied on information and belief to allege the identity and citizenship of Defendant's members. Moreover, Defendant's answer admitted the allegations of paragraph 7–that Defendant is a Florida LLC)–but denied the allegations in Paragraph 8 pertaining to the identity and citizenship of its members. (Docket No. 26 at pp. 2-3.) Given that Plaintiff alleged citizenship based on information and belief and that Defendant denied those allegations, the Court issued an Order to Show Cause in order to ensure that it has subject matter jurisdiction over this matter. (Docket No. 28.) In the Order to Show cause, the Court ordered plaintiff to propound jurisdictional discovery–interrogatories or requests for admissions–to ascertain the citizenship of Defendant and each of its members. The Court further ordered Plaintiff to file a declaration affirmatively identifying the citizenship of Defendant and each of its members on or before February 9, 2024. Alternatively, the Court permitted Defendant to file a declaration affirmatively identifying Defendant's citizenship and that of each of its members, but Defendant declined to do so.

Plaintiff filed its response on February 9, 2024. (Docket No. 31.) In its response, Plaintiff ascertained that Defendant, Icon EV LLC is a Florida limited liability company, and that its sole member, Icon EV Holdings LLC is a Delaware limited liability company. Plaintiff did not ask for–and Defendant did not provide–the identity and citizenship of Icon EV Holdings LLC's members. The citizenship of a partnership or other unincorporated entity—such as a limited liability company—is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Because the identity and citizenship of the sole member of the Defendant is still unknown, the Court remains unable to confirm it possesses subject jurisdiction over this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-5478 PA (PVCx) | Date | February 12, 2024 |
|---|---|---|---|
| Title | BigBattery, Inc. v. Icon EV LLC | | |

    The Federal Rules of Civil Procedure require that when an action is filed or removed to federal court on the basis of diversity under 28 U.S.C. § 1332(a), each party must file a disclosure statement that identifies the citizenship of every individual or entity whose citizenship is attributed to that party. See Fed. R. Civ. P. 7.1(a)(2)(A).  Indeed, each party that subsequently appears must file a Rule 7.1 Disclosure Statement with that party's "first appearance, pleading, petition, motion, response, or other request addressed to the court." Fed. R. Civ. P. 7.1(b)(1).  As stated above, it is well settled that both partnerships and LLCs are citizens of every state of which its owners and/or members are citizens.  See Johnson, 437 F.3d at 899.  Defendant has not filed a disclosure statement identifying the citizenship of its members and the members of its members to whatever level is necessary to establish Defendant's citizenship as required by Rule 7.1(a)(2)(A).  Accordingly, the Court orders the Defendant to show cause why it should not be sanctioned in the amount of $1,000 for failing to comply with Rule 7.1(a)(2)(A).  Defendant is ordered to file its response and otherwise comply with Rule 7.1 on or before February 16, 2024.  Failure to timely or adequately respond may result in dismissal of Defendant's counterclaim, striking Defendant's answer and entering a default, and/or the imposition of further sanctions.

    IT IS SO ORDERED.